**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUDY HARRIS, | No. 08-16860 |
| Plaintiff - Appellant, | D.C. No. 1:03-cv-5690-OWW-DLB P |
| v. | |
| FRANK P. ALVARADO, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wagner, District Judge, Presiding

Argued and Submitted October 5, 2010
San Francisco, California

Before: KLEINFELD and GRABER, Circuit Judges, and MOLLOY,[**]
District Judge.

Plaintiff Rudy Harris appeals from the district court's grant of summary

judgment for Defendant Frank Alvarado, the only remaining defendant in this 42

U.S.C. § 1983 case. We review de novo, Serrano v. Francis, 345 F.3d 1071, 1082

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Donald W. Molloy, United States District Judge, District of Montana, sitting by designation.

(9th Cir. 2003), and affirm for a different reason, see id. at 1076-77 (noting that we may affirm on any ground supported by the record).

Even if we assume that Plaintiff can establish that Defendant fired him to accomplish "ethnic balancing" and that doing so was unconstitutional, Defendant is still entitled to qualified immunity. California Code of Regulations title 15, section 3041.1(a), instructs inmate work supervisors to take into account "ethnic balance," in addition to several other criteria, when assigning inmates to paid positions. Thus, Defendant was following an official regulation duly promulgated by California's Corrections Standards Authority.

At the time of Plaintiff's termination, we reviewed race-based prison regulations only to see that they were "reasonably related to legitimate penological interests," Armstrong v. Davis, 275 F.3d 849, 873 (9th Cir. 2001) (internal quotation marks omitted), rather than using strict scrutiny as the Supreme Court later instructed in Johnson v. California, 543 U.S. 499, 504-05 (2005). To date, no court has questioned the legality of California's inmate hiring regulation or another like it. In these circumstances, any right that Plaintiff had was not "clearly established," Pearson v. Callahan, 129 S. Ct. 808, 815 (2009), so Defendant is entitled to qualified immunity. Cf. Grossman v. City of Portland, 33 F.3d 1200, 1209-10 (9th Cir. 1994) (holding that a duly enacted city ordinance that explicitly

2

sanctions the conduct in question absolves an officer from knowing that his conduct was unlawful, except when the ordinance so patently violates the Constitution that a reasonable officer could not believe that it was permissible to enforce it).

AFFIRMED.